# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Orlando Delgado,

    Petitioner

v.

State of Nevada,

    Respondent

Case No.: 2:17-cv-02809-JAD-CWH

**Order Dismissing Case**

Pro se petitioner Orlando Delgado is an inmate at the Clark County Detention Center who was allegedly detained for some videos that he posted on the internet about government officials.[1] He now petitions for a writ of habeas corpus, arguing that his arrest and detention violate his First Amendment right to freedom of speech.[2] But there are two problems with his petition: (1) he has identified an incorrect respondent,[3] and (2) there is a pending state action against him. The latter flaw is fatal to Delgado's petition, so I dismiss his case without leave to amend because amendment would be futile.

## Discussion

Federal courts should abstain from intervening in pending state criminal proceedings unless there are extraordinary circumstances of a great and immediate danger of irreparable harm.[4] A court "must abstain under *Younger* if four requirements are met: (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4)

---

[1] ECF No. 1-1.

[2] *Id.*

[3] Delgado has identified the State of Nevada as the respondent, but the proper respondent is the person who has custody over him. 28 U.S.C. § 2242. In this case, that would be the Sheriff of Clark County.

[4] *Younger v. Harris*, 401 U.S. 37, 45–46 (1971); *see also Ex Parte Royall*, 117 U.S. 241, 251 (1886).

1

the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves."[5]

First, there is a criminal action pending against Delgado because he wants me to stop it. Second, the state has an important interest in prosecuting crimes.[6] Third, Delgado may raise his First Amendment claims in the state courts by motions before the trial court, on appeal, or in a post-conviction state habeas corpus petition. Fourth, if I granted Delgado the relief that he requests, his state-court criminal action would be terminated—an action that *Younger* disapproves of. Because all four of the *Younger* abstention requirements are met, I abstain from considering this petition and deny it. I also decline to issue a certificate of appealability because reasonable jurists would not find this conclusion to be debatable or wrong.

Accordingly, IT IS HEREBY ORDERED that the application to proceed *in forma pauperis* **[ECF No. 4] is GRANTED.** Delgado DOES NOT have to pay the $5.00 filing fee.

The **Clerk of Court** is directed to **DETACH and FILE** the petition for a writ of habeas corpus under 28 U.S.C. § 2254 **[ECF No. 1-1]**.

IT IS FURTHER ORDERED that **this action is DISMISSED** without prejudice to Delgado's ability to litigate his claims in the correct court at the correct time. The **Clerk of Court** is directed to **ENTER JUDGMENT accordingly and CLOSE THIS CASE**.

IT IS FURTHER ORDERED that a certificate of appealability is DENIED.

Dated: May 11, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[5] *San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

[6] *See Kelly v. Robinson*, 479 U.S. 36, 49 (1986); *Rose v. Mitchell*, 443 U.S. 545, 585 (1979); *Younger*, 401 U.S. at 43–44.